FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 05 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

EULA CHASE,

        Plaintiff

v.

RICHARD D. SOKOLOFF, ESQ., D/B/A
RICHARD SOKOLOFF, ATTORNEY AT LAW

        Defendant.
----------------------------------------x

COMPLAINT

CV 11 - 3213

JURY DEMANDED

SUMMONS ISSUED

GLEESON, J.

LEVY, M.J

### INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and New York Judiciary Law § 487.

2. This case involves Defendant's abuse of process to illegally seize Plaintiff's assets and Defendant's demands for payment with interest after all claims relating to an alleged debt had been dismissed with prejudice by the New York City Civil Court, Queens County.

### JURISDICTION AND VENUE

3. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

1

4. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

6. Venue in this District is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district and Defendant transacts business and is otherwise found in this District.

## PARTIES

7. Plaintiff, Eula Chase is a natural person who has resided at all relevant times in Maplewood, New Jersey.

8. Eula Chase is a consumer as defined in the FDCPA § 1692a(3).

9. Defendant Richard D. Sokoloff, Esq. (Sokoloff) is an attorney engaged in the collection of debts in New York State with a principal place of business at 3245 Route 112 – Suite 1, Medford, NY 11763.

10. Defendant Sokoloff's principal purpose is the collection of debts; and he regularly attempts to collect debts alleged to be due another.

11. Sokoloff is a debt collector as defined by FDCPA § 1692a(6)

## FACTS

12. On or about April 28, 2008, Sokoloff, on behalf of his client Superior Medical Services, P.C., filed a complaint against Ms. Chase in <u>Superior Medical Services, PC v. Eula Chase</u>, Queens County Civil Court Index No. 061123/2008 (Queens County action).

13. The complaint alleged that Ms. Chase owed $5,160.39 to Superior Medical Services, with interest running from June 4, 2002.

14. On or about November 26, 2008, a default judgment was entered against Ms. Chase.

15. Ms. Chase, however, never received notice of the Queens County action, because service was claimed to have been made at an address where she did not reside.

16. Moreover, Ms. Chase did not owe any money to Superior Medical Services.

17. Ms. Chase never knew about the Queens County action until her bank account was restrained in February 2009.

18. Because she was never served and did not owe any money, Ms. Chase moved for an order from the Queens County Civil Court vacating the judgment and lifting the restraints.

19. Ms. Chase's motion was granted on or about February 24, 2009; and she submitted a pro se answer at that time.

20. The Queens County action was then set down for trial; and on February 25, 2010, the Honorable Timothy J. Dufficy of Queens County Civil Court dismissed Superior's claims against Ms. Chase with prejudice.

21. Upon information and belief, Sokoloff was present in court on February 25, 2010 when Judge Dufficy dismissed Superior's complaint with prejudice.

22. In December 2010, however, Sokoloff, placed a restraint on Ms. Chase's bank account by serving an information subpoena with restraining notice on Municipal

3

Credit Union, where Ms. Chase maintains an account.

23. The subpoena and restraining notice, dated November 23, 2010, is captioned for <u>Superior Medical Services, PC v. Eula Chase</u>, Queens County Civil Court Index No. 08-61123 and is signed by Richard Sokoloff.

24. Although the judgment had been vacated and the case dismissed with prejudice, the subpoena and restraining notice states that a judgment was entered against Ms. Chase on November 26, 2008 and that Ms. Chase still owed $8,327.22 with interest for a total due of $9,730.49.

25. After being informed of this unlawful restraint by her bank, Ms. Chase was understandably frightened and confused.

26. Ms. Chase went back to Queens County Civil Court and after speaking to the Clerk's Office, made an additional motion to vacate the restraint.

27. On January 5, 2011, the Honorable Maureen A. Healy of Queens County Civil Court ordered the vacatur of the restraint and noted that the action had been dismissed with prejudice on February 25, 2010.

28. Despite all of this, by letter dated March 11, 2011, Sokoloff sent Ms. Chase a demand for payment of $9,974.69 on the Superior Medical Services PC account that formed the basis of the Queens County action.

29. Upon information and belief, the balance demand of $9,974.69 includes the application of 9% interest.

30. Upon information and belief, the information subpoena dated November 23, 2010 that was served on Municipal Credit Union was prepared and served by

4

Sokoloff without any meaningful review.

31. Furthermore, upon information and belief, the dunning letter dated March 11, 2011, was prepared and sent by Sokoloff without any meaningful review.

## FIRST CAUSE OF ACTION

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

32. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

33. By undertaking the above referenced collection activities Defendant repeatedly violated 15 U.S.C. § 1692 *et seq.*

34. Specifically and without limitation, Defendant violated the FDCPA by:

a. Attempting to enforce a judgment by serving an information subpoena on Municipal Credit Union after the judgment had been vacated and the case dismissed with prejudice, in violation of §§ 1692c(b), 1692e, 1692e(3), 1692e(5), 1692e(8), 1692e(9), 1692e(10), 1692e(13) and 1692f;

b. Sending a letter that demands payment on an alleged balance, including statutory interest, after the judgment had been vacated and the claim for that balance had been dismissed with prejudice, in violation of §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692f(1); and

c. Serving an information subpoena and mailing a dunning letter that were deceptive and misleading in that they were signed by an attorney but were not in fact meaningfully reviewed by an attorney, in violation of §§1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f;

35. As a result of these violations of the FDCPA, Plaintiff has suffered actual damages including, without limitation, stress, anxiety, sleep deprivation, pain and suffering, and bank fees.

36. As a result of these violations, Plaintiff is entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF JUDICIARY LAW § 487

37. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

38. Upon information and belief, Sokoloff is guilty of deceit.

39. Sokoloff perpetrated this deceit with intent to deceive Ms. Chase.

40. Specifically, upon information and belief, and as reviewed above, Sokoloff knowingly and falsely represented in a sworn statement that he had authority to serve an information subpoena and restrain Ms. Chase's bank account; and by signing the information subpoena dated November 23, 2010, he knowingly and falsely represented that he had meaningfully reviewed the subpoena and the underlying matter before serving the subpoena.

41. As a result of these deceits, Ms. Chase has suffered damages including but not limited to stress, sleep deprivation, anxiety, pain and suffering, and bank fees.

42. Ms. Chase is entitled to treble her damages as a result of Sokoloff's violations of Judiciary Law § 487, reasonable attorney's fees, and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

6

a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

b. On the SECOND CAUSE OF ACTION (JUDICIARY LAW § 487), treble damages, costs, and reasonable attorney's fees; and

c. Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: July 5, 2011
White Plains, New York

Respectfully Submitted,

Peter T. Lane, Esq.
One of Plaintiff's Attorneys

Plaintiff's Attorneys
Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604